S. M. SORENSON, P. L. SOLBERG, LEONARD HANSON, S. H.
THOMPSON, O. A. KNUDSON, GEORGE GJELSTAD and
C. A. HONG, Respondents, v. T. R. TOBIASON, OLE I. HAN-
SON, K. O. BROKKE, MARTIN SPILLUM, and OSMUND
SKARPERUD, as the Board of County Commissioners of Traill
County, State of North Dakota, and G. D. OLSON, as County
Auditor of said Traill County and ANNA G. NESTOS, as County
Superintendent of Schools of said Traill County, North Dakota, Ap-
pellants.

(188 N. W. 41)

**Schools and School Districts — statute held not to authorize detaching special
district territory within three miles of central school.**

Chapter 197 of the Session Laws of 1919 which provides for the or-
ganization of new school districts by the Board of County Commissioners
and County Superintendent, upon petition, is construed in its relation to
statutory provisions governing the territory embraced in special school
districts and to the provisions for attaching territory to and detaching
territory from such special districts, (§ 1240, Compilde Laws of 1913, and
Chap. 196 of the Session Laws of 1919) and it is *held*:—the authority to
organize new districts may not be so exercised as to detach from the
special district territory within three miles of the central school.

Opinion filed April 26, 1922

Appealed from the District court of Traill county, *Cooley*, J.
Affirmed.

*Chas. A. Lyche, I. A. Acker,* States Attorney, Traill County, *F. W.
Ames,* and *Theodore Koffel,* for appellants.

*P. G. Swenson,* for respondents

BIRDZELL, J.  Appeal from a judgment in a certiorari proceeding,
entered in the district court of Traill county.  The writ issued to review
proceedings of the board of county commissioners and superintendent
of schools purporting to organize a new common school district embrac-
ing territory within the Buxton special school district.  The facts are
as follows:

In February, 1921, a special school district was organized, which embraced all of the civil township of Buxton, except sections 1, 2, 3, 11, 12, and the north ½ of section 4. In May following a petition was presented to the county superintendent of schools and the board of county commissioners, asking for the organization of a new common school district to be composed of territory embraced in the Buxton special school district, excluding from the proposed common school district sections 13, 14, 23, 24, 25, 26, 35, and 36. The petitioners appealed to the authority of the superintendent and board of county commissioners vested by chap. 197 of the Session Laws of North Dakota for the year 1919. The petition was filed with the county superintendent of schools. Pursuant to notice given and a hearing had, a resolution was passed at the July meeting of the board creating the new common school district as prayed for in the petition. All of the territory of the new district was taken from the Buxton special school district. It comprises 22½ sections, and leaves in the special school district 8 sections. Promptly thereafter a writ of certiorari issued out of the district court to review the proceedings had, and upon the review it was adjudged that the proceedings for the organization for the new common school district were null and void. The only question for consideration on this appeal is whether or not under chap. 197 of the Laws of 1919, which vests in the board of county commissioners and the superintendent of schools authority to create new school districts, such new district can be created from territory embraced within a special school district so that territory within three miles of the central school will be detached from the special district. Chap. 197 of the Session Laws of 1919 is an amendment of § 1147 of the Compiled Laws of 1913; and § 1147, in turn, was first enacted as § 44 of the school Code of 1911 (chap. 266). It is there found under article 3, which is entitled "Common School Districts" and expresses authority of the same nature as that previously vested in the board of county commissioners or in this board acting with the county superintendent of schools in relation to the organization and control of the boundaries of school districts. See § 784 et. seq., Revised Codes of 1905. The section as amended reads:

"Section 1147. *New Common School Districts. How Organized.* The board of county commissioners and county superintendent may organize a new school district from another district or from portions of districts already organized, if in their judgment the organization of a new

district is desirable and necessary, upon being petitioned so to do by at least two-thirds of the school voters residing in the proposed district. When two or more adjoining counties are affected, such proposed new district shall be organized by the concurrent action of the boards of county commissioners and county superintendents of such counties. Action on such organization shall be taken only at the July meeting of the county commissioners. Provided, that all assets and liabilities shall be equalized according to § 1327 of Compiled Laws of North Dakota for the year 1913."

We are of the opinion that this section does not give to the board of county commissioners and county superintendent authority to detach from a special school district territory lying within three miles of the central school. When a special school district is organized, it is governed by the article relating to such districts, in so far, at least, as that article deals with subject-matter affecting the special district. Section 1229, Compiled Laws 1913; State ex rel. Nicholson v. Ferguson, 23 N. D. 153, 134 N. W. 872. Section 1240 of the Compiled Laws of 1913 (of the article on special districts) regulates the matter of attaching territory to a special school district, and of detaching territory therefrom, the authority to attach being vested, upon petition, in the board of education of the district, and authority to detach in the board of county commissioners. This section was likewise amended in 1919 (chap. 196, Session Laws of 1919) so as to provide that both the authority to attach to and to detach territory from a special school district would be vested in the county commissioners. In providing for detaching territory, however, the act says:

"The county commissioners shall detach any part of such adjacent territory which is at a greater distance than three miles from the central school in such special district and attach it to any adjacent common or special school district or districts on petition to do so signed by two-thirds of the legal voters of such adjacent territory."

And in the original section (1240, Compiled Laws 1913), of which the above is an amendment, the authority of the county commissioners to detach territory was limited to territory "at a greater distance than three miles from the central school in such special district." The statutes governing special school districts clearly indicate that the territory within three miles of the central school is not to be rendered subject to detachment by the board of county commissioners alone or acting in conjunction

with the county superintendent. Hence, if chap. 197 be construed,. as appellants contend it should be, as applicable to special school districts, so that new common school districts might be formed out of territory embraced within special districts and within three miles of the central school, it would necessarily conflict to this extent with chap. 196 of the Session Laws of 1919. If possible, these statutes, which were both approved on the same day, should be so construed as to be harmonious. In our opinion they cannot well operate consistently if the county commissioners and the county superintendent are permitted to do indirectly, through the organization of a new common school district, what they are forbidden to do otherwise by detaching territory, viz. take territory from a special district lying within three miles of the central school.

It follows that the judgment must be affirmed.

CHRISTIANSON, ROBINSON, and BRONSON, JJ., concur.

GRACE, C. J., concurs in the result.